IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CECIL FOUNTAIN, JR., | : | |
| Plaintiff, | : | |
| | | |
| v. | : | Civil Action No. 5:13-cv-00245-CAR |
| | | |
| WOLF CREEK LANDFILL, LLC, | : | |
| a Limited Liability Company, | : | |
| Defendant. | : | |

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S 12(b)(6) MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR PUNITIVE AND EMOTIONAL DAMAGES AND MEMORANDUM IN SUPPORT**

COMES NOW CECIL FOUNTAIN, JR., Plaintiff in the above-captioned matter, and files his Brief In Response To Defendant's 12(b)(6) Motion To Dismiss Plaintiff's Claims For Punitive And Emotional Damages And Memorandum In Support and shows as further set forth below.

### I.  STATEMENT OF FACTS

For the limited purpose of responding to Defendant's Motion and Memorandum, Plaintiff accepts the facts set forth in the first four paragraphs of Defendant's Memorandum, Section I.  (Doc. 3-1, pp.1-3.)  Plaintiff denies – and objects to – the contents of the fifth paragraph of Section I, however, as said

-1-

paragraph contains no facts, but merely sets forth a synopsis of Defendant's arguments.

## II.  ARGUMENT & CITATION OF AUTHORITY

### A.  Standard Of Review For A 12(b)(6) Motion To Dismiss

For the limited purpose of responding to Defendant's Motion and Memorandum, Plaintiff accepts the Standard Of Review set forth in the first two paragraphs of Defendant's Memorandum, Section II, A.  (Doc. 3-1, pp.3-4.) Plaintiff denies the conclusion as to the claim for emotional suffering as set forth in the third paragraph of Section II, A, however, for reasons set forth below.

### B.  While Georgia Law Precludes Recovery Of Punitive Damages For The Tort Of Abusive Litigation, It Does Not Preclude Recovery Of Damages For Emotional Suffering For The Tort Of Abusive Litigation.

Plaintiff agrees with Defendant's conclusion that this "Court must look to the substantive law of Georgia to determine the availability and measure of punitive and emotional damages claimed by Plaintiff in connection with Wolf Creek's alleged abusive litigation." Defendant's Memorandum, Section II, B. (Doc. 3-1, p.5.)  Furthermore, Plaintiff agrees that Georgia law precludes recovery for punitive damages for the tort of abusive litigation and that something more

than "the mere filing of a complaint" is required for Plaintiff to recover damages for his emotional suffering. Defendant's Memorandum, Section II, B. (Doc. 3-1, p.6.)

> **1. Plaintiff's claim for punitive damages must be dismissed as Georgia law precludes the recovery of punitive damages for the tort of abusive litigation.**

Plaintiff agrees that, under Georgia law, "punitive damages are excluded from the tort of abusive litigation." Defendant's Memorandum, Section II, B, 1, citing *Snellings v. Shephard,* 494 S.E.2d 583, 586, 229 Ga. App. 753, 756 (1997). Defendant's Memorandum, Section II, B. (Doc. 3-1, p.6.) Accordingly, Plaintiff's claim for punitive damages must be dismissed.

> **2. Plaintiff's claim for damages for emotional suffering for the tort of abusive litigation must not be dismissed as said claim is based on Defendant's initiation and persistence in pursuing a frivolous claim with malice towards Plaintiff.**

O.C.G.A. §51-7-81 states that "[a]ny person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts:

(1) With malice; and

(2) Without substantial justification.

-3-

Moreover, under Georgia law, "a plaintiff who has been subjected to abusive litigation can recover... 'damages for mental distress, where there is either wilfulness, or wanton and reckless disregard of consequences which is the equivalent of wilfulness....'" *Deutz-Allis Credit Corporation v. Phillips,* 387 S.E.2d 34, 35-36, 193 Ga.App. 79, 80 (1989), (emphasis in original), citing *Yost v. Torok*, 344 S.E.2d 414, 256 Ga. 92.

Defendant argues that "Plaintiff has not alleged in the Complaint, nor can he establish at a later stage of litigation, that [Defendant's] conduct in the underlying action was willful, wanton, or reckless." Defendant's Memorandum, Section II,B,2. (Doc. 3-1, pp.9-10.) The very language of Plaintiff's Complaint shows that this is an incorrect statement of fact. In his Complaint For Abusive Litigation, Plaintiff alleged the following:

1)  "The claims asserted by Wolf Creek in Civil Action No. 2011-V-398 were made without substantial justification and were made with malice towards Cecil Fountain, Jr.," (Doc. 1.1, p.6, ¶4);

2)  "Wolf Creek took an active part in the initiation and continuation of said action...;" (Doc. 1.1, p.6-7, ¶6); and,

    3)    "Wolf Creek's persistence in pursuing its frivolous claim in Civil Action No. 2011-V-308, shows willful misconduct, malice, fraud, wantonness, and oppression;" (Doc. 1.1, p.8, ¶12).

Clearly, Plaintiff has alleged that Defendant's conduct in the underlying action was willful, wanton or reckless in his Complaint.

Furthermore, Plaintiff's Complaint contains strong evidence that he can support these allegations at a later stage of this litigation.  This evidence is found in trial court's order which is attached to and incorporated into said Complaint. See, Plaintiff's Complaint, Exhibit B.  (Doc. 1-1, pp.15-20.)  After a hearing on Plaintiff's Motion For Attorney's Fees And Expenses Pursuant To O.C.G.A. §9-11-11.1(b) in the underlying action, the trial court made a number of findings, including those set forth below.

    1)    [T]he evidence shows... that there were two statements in the [Wolf Creek] application under discussion that were not correct, specifically that potable was available when in fact it was not and the landfill was not visible from U.S. highway 80 when it was visible. [Wolf Creek's] general manager... testified that the errors in the application were not detected when it was

        scrutinized before signing the verifications, but were only recently discovered upon a second reading. [Wolf Creek's] factual and legal basis is problematic at best. Plaintiff's Complaint, Exhibit B. (Doc. 1-1, p.19.) [Brackets added.]

2)     [C]onsidering the evidence in the entirety [Mr. Fountain] is found to be acting in good faith because in at least two instances the facts in the previous [Wolf Creek] application were shown to be, depending upon your choice of words, incorrect or false. Plaintiff's Complaint, Exhibit B. (Doc. 1-1, p.19.) [Brackets added.]

The order of the trial court – said order being included in and made part of Plaintiff's Complaint For Abusive Litigation – provides sufficient factual content necessary for this Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." See *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556.

    To be sure, Plaintiff's claim for mental or emotional damages is not premised solely on the initiation or "the mere filing of a lawsuit." See Defendant's Memorandum, Section II,B,2. (Doc. 3-1, pp.11-12.) It is also based upon

Defendant's persistence in pursuing a legal action whose "factual and legal basis is problematic at best," concerning its own zoning application which contained "incorrect or false" information.  See, Plaintiff's Complaint, Doc. 1-1, ¶¶6,7,8,10, 11, and 12.  (Doc. 1-1, pp.6-8.)  Following a hearing on Mr. Fountain's Motion For Attorney's Fees And Expenses Pursuant To O.C.G.A. §9-11-11.1(b) in the underlying action, the trial court found the attorney's fees incurred by Mr. Fountain to be "reasonable" and ordered Wolf Creek to pay $21,232.95 for Mr. Fountain's attorney's fees and expenses.  Plaintiff's Complaint, Exhibit B. (Doc. 1-1, p.20.)  The high cost of defending the underlying action is indicative – if not evidence – of Defendant's persistence in pursuing its frivolous claims.

While Georgia law recognizes that "a plaintiff who has been subjected to abusive litigation can recover... damages for mental distress...," *Deutz-Allis Credit Corporation*, at 35-36, an action for abusive litigation is not an action for intentional infliction of emotional distress.  Indeed, the act of filing a lawsuit does not give rise to an action for intentional infliction of emotional distress.  See *Amstadter v. Liberty Healthcare Corp.,* 233 Ga.App. 49, 51 (1990).  However, the tort of abusive litigation is separate and distinct from that of intentional infliction

of emotional distress. In *Nairon v. Land,* 529 S.E.2d 390, 392, 242 Ga.App. 259, 261 (2000), the court stated that

> [t]he abusive litigation statute provides the exclusive remedy for claims of abusive litigation. O.C.G.A. §51-7-85. For the reasons cogently set forth in *Phillips v. MacDougald*, 219 Ga.App. 152, 155-157(2)(g), 464 S.E.2d 390 (1995), we hold that a plaintiff is precluded from filing a claim of either intentional or negligent infliction of emotional distress as a remedy for abusive litigation.
> [Brackets added.]

Thus, it is and would be an error to evaluate Plaintiff's claim for damages for emotional suffering for the tort of abusive litigation by the elements of the tort of intentional infliction of emotional distress and caselaw interpreting these elements.

In the final analysis, Plaintiff has alleged in his Complaint For Abusive Litigation that (1) Defendant initiated and continued a civil action against Defendant with malice and without substantial justification, and (2) Defendant's initiation and continuation of this frivolous litigation was willful and wanton. By and through the exhibits attached to and incorporated into said Complaint, Plaintiff has provided sufficient factual matter to "state a claim to relief that is

-8-

plausible on its face." Accordingly, Plaintiff's claim for damages for emotional or mental distress should not be dismissed.

### III.  CONCLUSION

For reasons set forth above, Defendant's 12(b)(6) Motion To Dismiss Plaintiff's Claims For Punitive And Emotional Damages must be **granted in part** with respect to Plaintiff's claim for punitive damages and **denied in part** with respect to Plaintiff's claim for emotional suffering/mental distress.

Respectfully submitted, this 29th day of July, 2013.

s/ R. Lars Anderson
Georgia State Bar No. 018218
Attorney for Plaintiff
2476 Vineville Avenue
Macon, Georgia 31204
Telephone: 478.742.0294
Fax: 478.742.0294
E-mail: lars@rlarsanderson.com

## Font Certification

I, R. Lars Anderson, attorney for Plaintiff, hereby certify that the foregoing document has been prepared in Times New Roman, 14 point font.

        Respectfully submitted,

        s/ R. Lars Anderson
        Georgia State Bar No. 018218
        Attorney for Plaintiff
        2476 Vineville Avenue
        Macon, Georgia 31204
        Telephone: 478.742.0294
        Fax: 478.742.0294
        E-mail: lars@rlarsanderson.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CECIL FOUNTAIN, JR.,** | : | |
| **Plaintiff,** | : | |
| | | |
| v. | : | Civil Action No. 5:13-cv-00245-CAR |
| | | |
| **WOLF CREEK LANDFILL, LLC,** | : | |
| **a Limited Liability Company,** | : | |
| **Defendant.** | : | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 29, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Steven G. Hall, Esq.
    Emily C.R. Early, Esq.
    3414 Peachtree Road, NE
    Suite 1600, Monarch Plaza
    Atlanta, Georgia 30326

    Respectfully submitted,

    s/ R. Lars Anderson
    Georgia State Bar No. 018218
    Attorney for Plaintiff
    2476 Vineville Avenue
    Macon, Georgia 31204
    Telephone: 478.742.0294
    Fax: 478.742.0294
    E-mail: lars@rlarsanderson.com