IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CECIL FOUNTAIN, JR. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WOLF CREEK LANDFILL, LLC )<br>A Limited Liability Company, )<br>)<br>Defendant. ) | Civil Action No. 5:13-cv-00245-CAR |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
12(B)(6) MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR PUNITIVE
AND EMOTIONAL DAMAGES**

COMES NOW Defendant Wolf Creek Landfill, LLC ("Defendant" or "Wolf Creek"), and pursuant to Fed. R. Civ. P. 12(b)(6), hereby files its Reply Brief in Support of its 12(b)(6) Motion to Dismiss Plaintiff Cecil Fountain, Jr.'s ("Plaintiff" or "Fountain") Claims for Punitive and Emotional Damages.

## I. INTRODUCTION

Plaintiff's Response to Wolf Creek's 12(b)(6) Motion to Dismiss (hereinafter "Response") further demonstrates, for the reasons stated in the Motion to Dismiss and supporting Memorandum, that Plaintiff's Complaint falls wholly short of stating a plausible claim for emotional damages against Wolf Creek.  Plaintiff

1

argues that "[t]he very language of [his] Complaint" establishes that Defendant engaged in willful, wanton, or reckless conduct. (Dkt. Entry No. 6 at 4). In support of this position, he relies on the Complaint allegations that: (1) Defendant's claims in the underlying action "were made without substantial justification and were made with malice towards [Plaintiff]," (2) "[Defendant] took an active part in the initiation and continuation of" the underlying action, and (3) "[Defendant]'s persistence in pursuing its frivolous claim in [the underlying action] shows willful misconduct, malice, fraud, wantonness, and oppression." (*Id.* at 4-5, 8 (quoting Dkt. Entry No. 1-1 ¶¶ 4, 6, 12)). As a further attempt to plead his case for emotional damages, Plaintiff also relies on the factual findings of the court's order awarding him attorneys' fees in the underlying action (hereinafter "attorneys' fees order"). (*Id.* at 5 (citing Dkt. Entry 1-1, Ex. B)).

Although the foregoing Complaint allegations state elements of an abusive litigation cause of action and an emotional damages claim, they fail to allege any actionable facts that would satisfy the standard to move Fountain's emotional damages claim forward under *Iqbal* and *Twombly*. Moreover, their conclusory nature fails to represent the level of malice, willfulness, or wantonness necessary for this Court to infer a claim for emotional damages against Wolf Creek. Accordingly, the Court must dismiss with prejudice Plaintiff's claim for emotional

damages, along with the claim for punitive damages, which Plaintiff agrees must be dismissed.

## II. ARGUMENT AND CITATION OF AUTHORITY

**A.    Plaintiff Concedes that Georgia Law Precludes His Claim For Recovery of Punitive Damages.**

Plaintiff acknowledges that punitive damages for abusive litigation are not available under Georgia law and therefore, concedes to the propriety of dismissal of his punitive damages claim. (*See* Dkt. Entry No. 6 at 3). Dismissal with prejudice of Fountain's claim for punitive damages is therefore proper.

**B.    Plaintiff's Claim for Emotional Damages Must be Dismissed Because it Lacks the Factual Assertions Necessary To Support Such a Claim.**

Emotional damages for alleged abusive litigation are not available where a claimant bases his claim on commencement of the underlying action and no other willful, wanton, or reckless conduct. *Deutz-Allis Credit Corp. v. Phillips*, 193 Ga. App. 79, 80 (Ga. App. 1989). Accordingly, putting aside mere conclusions of law pled by Plaintiff, the Complaint fails to allege any specific facts to support his claim that Wolf Creek engaged willful, wanton or reckless actions. The Court, therefore, must dismiss Plaintiff's claim for emotional damages for the reasons set forth below.

### 1. Plaintiff Relies on an Insufficient Boilerplate Recitation of Elements.

Plaintiff has alleged, albeit in conclusory fashion, that Defendant's conduct in the underlying action was willful, wanton, or reckless; with malice; and without substantial justification. (Dkt. Entry No. 6 at 4-5; *see also* Dkt. Entry No. 1-1 ¶¶ 4, 6). These, however, are merely conclusory allegations of the elements of Plaintiff's cause of action and claim for relief, which are insufficient to state a claim for relief. *Leroy v. IMS Mgmt. Servs., LLC*, No. 1:09–CV–79, 2010 WL 554642, *2 (M.D. Ga. Feb. 9, 2010) ("[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009))). Rather, "the facts provided [in the complaint] must . . . 'raise a right to relief above the speculative level.'" *See Barnes*, 2010 WL 797265, *4 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The only attempt Plaintiff makes to support his claim for emotional damages with factual allegations is his repeated statement of the elements of the abusive litigation statute, O.C.G.A. § 51-7-81—specifically, "Wolf Creek's *persistence in pursuing* its frivolous claim" in the underlying action and "*active . . . part[icipation] in the initiation and continuance* of said action." (Dkt. Entry No. 1-1 ¶¶ 6-7, 10, and 11-12 (emphases added); *see also* Dkt. Entry No. 6 at 4-5, 8).

While these statements are phrased in a manner that suggests improper conduct, when their descriptive language is removed, they simply indicate that Wolf Creek filed a lawsuit and pursued its claims.

Commencement and prosecution of an action, however, is standard practice in every case and does not demonstrate conduct that is willful, wanton, or reckless. Thus, Plaintiff has done no more than recite, in boilerplate form, the elements of his claim for emotional damages, and proffer legal allegations couched as factual allegations, which this Court is not bound to accept as true. *See Barnes v. City of Gray, Ga.*, No. 5:09-CV-332, 2010 WL 797265, *4 (M.D. Ga. Mar. 4, 2010) ("Bare assertions that amount to nothing more than a 'formulaic recitation of the elements' of a claim 'are conclusory and not entitled to be assumed as true.'").

Consequently, Plaintiff's Complaint fails to notify Wolf Creek and this Court, in accordance with Fed. R. Civ. P. 8, of the specific acts that constitute Wolf Creek's alleged persistent pursuit of a frivolous claim. Wolf Creek is thereby left to speculate as to the emotional damages that Plaintiff alleges Wolf Creek has caused him. "[This type of] pleading . . . will not do.'" *See Leroy,* 2010 WL 554642, *2 (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 668). Neither Defendant nor this Court should be forced to bear costly time and resources associated with discovery to determine the substance of the crux of

Plaintiff's alleged emotional damages, in hopes that Plaintiff *may* develop some tenable claim against Wolf Creek.  Plaintiff's failure to plead supporting facts and satisfy even the notice pleading standards requires dismissal of his claim for emotional damages.

### 2. Plaintiff Cannot Plead Any Willful, Wanton, or Reckless Conduct by Wolf Creek in the Underlying Action.

Not only does Plaintiff fail to plead any wanton, willful, or reckless behavior by Defendant in support of his claim for emotional damages, but he is unable to conceivably do so.  A claim for emotional damages must allege conduct other than the conduct on which a claim for abusive litigation rests.[1]  *See Fabe v. Floyd*, 199 Ga. App. 322, 327-28 (1991).  The claimant must specifically plead willfulness,

---

[1] Wolf Creek notes that contrary to Plaintiff's representation (Dkt. Entry No 6 at 7, 8), it does not ask the Court to evaluate Plaintiff's claim for emotional damages as one for intentional infliction of emotional distress.  Nonetheless, a claim for emotional damages in connection with alleged abusive litigation and a claim for intentional infliction of emotional distress both require a showing of conduct of a willful or wanton nature. *Compare Westinghouse Credit Corp. v. Hall*, 144 B.R. 568, 575 (1992) ("[T]o recover for intentional infliction of emotional distress under Georgia law, it must be demonstrated that defendant committed a 'wanton, voluntary or intentional wrong the natural result of which is the causation of mental suffering.'"), *with Deutz-Allis Credit Corp. v. Phillips*, 193 Ga. App. 79, 80 (1989) (citations omitted) ("[A] plaintiff who has been subjected to abusive litigation can recover . . . damages for mental distress, where there is either willfulness [sic], or wanton and reckless disregard of consequences . . . ."). Thus, cases analyzing claims for infliction of emotional distress cited by Wolf Creek's Memorandum—like those analyzing a claim for emotional damages based on abusive litigation—guide the Court's dismissal of Plaintiff's claim for emotional damages.

wantonness, or recklessness, each of which "evince[s] an intention to inflict injury." *Id.* (award of damages for mental distress permitted for abusive litigation claim, "where there is either willfulness, or wanton and reckless disregard of the consequences" (citations omitted)). Fountain fails to meet this burden for the following reasons.

Defendant did not engage in willful, wanton, or reckless conduct in the underlying action. Indicative of the nonexistence of actionable conduct by Wolf Creek is Plaintiff's failure to highlight in the Complaint a single specific willful, wanton, or reckless act or omission beyond Wolf Creek's "persistence in pursuing its frivolous claim" and "active part[icipation] in the initiation and continuance of" the underlying action. (*See* Dkt. Entry No. 1-1 ¶¶ 6-7, 10-12).

Plaintiff unsuccessfully attempts to overcome this shortcoming by relying on the fees awarded in the attorneys' fees order as well as the findings therein. Specifically, Plaintiff states that: (1) "there were two statements in the Wolf Creek [expansion and rezoning] application . . . that were not correct"; (2) "the errors in the application were not detected when it was scrutinized before signing the verifications [filed in support of the underlying action], but were only recently discovered"; and (3) "Mr. Fountain . . . act[ed] in good faith." (Dkt. Entry No. 6 at 5-6 (quoting Dkt. Entry No. 1-1, Ex. B)). According to Plaintiff, this language,

7

along with the attorneys' fees award, "provides sufficient factual content necessary for this Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  (Dkt. Entry No. 6 at 6).

However, by cutting and pasting the foregoing findings from the attorneys' fees order, with no further analysis, Plaintiff once again improperly rests his pleadings on legal allegations and general factual allegations.  *See supra* pp. 3-6.  Neither the state court's finding of Plaintiff's good faith, nor Wolf Creek's inclusion of the two incorrect statements, is an indicator of any willfulness, wantonness, recklessness, or bad faith on Wolf Creek's part in prosecuting the underlying action.  Nor is a basic allegation that Plaintiff received an award of attorneys' fees and costs, without more.  As a result, no plausible inference of willfulness, wantonness, or recklessness can arise from the state court's findings as to the application's inclusion of incorrect statements or Plaintiff's good faith.

If the Court accepts Fountain's pleadings as true and views the allegations of the Complaint in his favor, this is simply an action grounded on Wolf Creek's inadvertence in overlooking incorrect factual statements in the application and its pursuit of redress based on this error.[2]  Inadvertence, however, cannot serve as a

---

[2] In fact, as acknowledged by Plaintiff's Response, Wolf Creek had "scrutinized" the application prior to filing but did not detect the statements' inaccuracy. (*See* Dkt. Entry No. 6 at 5-6; *see also* Dkt. Entry No. 1-1 ¶ 9).

8

basis for emotional damages in connection with alleged abusive litigation. *Wheat v. First Union Nat. Bank*, 196 Ga. App. 26, 27-28 (1990).

A plausible claim for emotional damages only arises, for example, in "case[s,] in which the proof [of the claims knowingly] failed before the [underlying] action was filed," *see, e.g.*, *Fabe*, 199 Ga. App. 322, 327-28 (affirming award of damages for mental distress to employee based on state insurance commissioner's indemnification suit against employee, where commissioner consistently demanded payment from employee pursuant to indemnification agreement, despite commissioner's receipt of evidence from employee and employer months before filing suit that employee had not signed agreement), the plaintiff in the underlying action acted in willful disregard of information in his possession, *id.*, or a party was deemed to have violated the rules of discovery by failing to respond to interrogatories and to appear for a deposition, *see, e.g.*, *Cassidy v. Wilson*, 196 Ga. App. 6, 7-8 (1990) (affirming imposition of mental damages against defendant, where allegation of defendant's willfulness was established by discovery violations on which court entered default against defendant).

Plaintiff has not alleged that any of these egregious circumstances are present here. For all of the above reasons, Plaintiff fails to plead any facts that

amount to wanton, willful, or reckless conduct.  Plaintiff's claim for emotional damages must be dismissed with prejudice.

### III. CONCLUSION

Pursuant to the above analysis, the Court must grant in its entirety Wolf Creek's Motion to Dismiss Plaintiff's Claims for Punitive and Emotional Damages (Dkt. Entry 3), and dismiss with prejudice the claims for punitive and emotional damages from Plaintiff's Complaint.

Respectfully submitted this 15th day of August, 2013.

**BAKER DONELSON BEARMAN, CALDWELL & BERKOWITZ, P.C.**

/s/ Emily C.R. Early
Steven G. Hall
Georgia Bar No. 319308
Emily C.R. Early
Georgia Bar No. 810206
*Attorneys for Defendant Wolf Creek Landfill, LLC*

Monarch Plaza, Suite 1600
3414 Peachtree Road
Suite 1600
Atlanta, GA 30326
Phone:  (404) 577-6000
Fax:  (404) 221-6501
shall@bakerdonelson.com
erutledgeearly@bakerdonelson.com

## **FONT CERTIFICATION**

The undersigned counsel for Defendant Wolf Creek Landfill, LLC hereby certifies that the foregoing document was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1.

/s/ Emily C.R. Early
Emily C.R. Early

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CECIL FOUNTAIN, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:13-cv-00245-CAR |
| ) | |
| WOLF CREEK LANDFILL, LLC ) | |
| A Limited Liability Company, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

This will certify service of a copy of the foregoing document via CM/ECF Notification to ensure delivery to the following:

R. Lars Anderson
2476 Vineville Avenue
Macon, Georgia 31204

This 15th day of August, 2013.    **BAKER DONELSON BEARMAN,**
**CALDWELL & BERKOWITZ, P.C.**


/s/ Emily C.R. Early
Emily C.R. Early
*Attorney for Defendant Wolf Creek*
 *Landfill, LLC*