IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CECIL FOUNTAIN, JR., | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 5:13-CV-00245-CAR |
| | : |
| WOLF CREEK LANDFILL, LLC, | : |
| a Limited Liability Company, | : |
| Defendant. | : |

**PROPOSED SCHEDULING & DISCOVERY ORDER**

In accordance with the Court's Rules 16 And 26 Order, the parties to this action conferred and jointly developed a scheduling order and discovery plan containing the deadlines and limitations as set forth below.

**I.    Nature of Case**

A. Facts

On November 15, 2011, Wolf Creek Landfill, LLC, filed an action in the Superior Court of Twiggs County, Georgia, against Cecil Fountain, Jr., for business defamation and interference with business and contractual relations (hereinafter "the underlying action"). Wolf Creek based its claims in the underlying action on Mr. Fountain's comments made before the

Page 1 of  9

Twiggs County Planning & Zoning Commission while opposing Wolf Creek's application to expand its landfill.

On December 16, 2011, Mr. Fountain submitted written notice to Wolf Creek of his intent to file an abusive litigation claim if Wolf Creek did not dismiss its complaint in the underlying action within thirty (30) days, pursuant to O.C.G.A. §51-7-84.  Plaintiff has alleged that Wolf Creek continued to actively pursue the underlying action until June 13, 2012, when Wolf Creek filed a voluntary dismissal of its complaint.

On October 4, 2012, the trial court granted Mr. Fountain's Motion For Attorneys Fees And Expenses pursuant to Georgia's Anti-Strategic Lawsuit Against Public Participation statute, O.C.G.A. §9-11-11.1(b), and awarded Mr. Fountain the sum of twenty-one thousand two hundred thirty-two and 95/100 ($21,232.95) dollars for attorneys' fees and costs.  Mr. Fountain received payment of all attorney's fees and costs from Wolf Creek.

On May 28, 2013, Mr. Fountain filed an action against Wolf Creek for abusive litigation in the Superior Court of Twiggs County.  Wolf Creek removed this action to this Court on July 8, 2013.  In his Complaint, Mr. Fountain alleges that Wolf Creek asserted the underlying action "without substantial justification" and with "malice towards" him.  By the language

in his Complaint, Mr. Fountain seeks to recover damages for lost wages in the amount of one thousand two hundred nineteen and 89/100 ($1,219.89) dollars, "significant emotional suffering for which he is entitled to a sum to be determined in the enlightened conscience of the jury," and punitive damages arising from Wolf Creek's alleged abusive litigation.

B. Issues

- Whether Wolf Creek took an active part in the initiation or continuation of the underlying action with malice;

- Whether Wolf Creek took an active part in the initiation or continuation of the underlying action without substantial justification;

- Whether Mr. Fountain is entitled to lost wages in connection with Wolf Creek's alleged abusive litigation;

- Whether Wolf Creek engaged in willful, malicious or wanton conduct in pursuing its claims in the underlying action;

- Whether Mr. Fountain is entitled to emotional damages in connection with Wolf Creek's alleged abusive litigation; and,

- Whether Mr. Fountain is entitled to punitive damages in connection with Wolf Creek's alleged abusive litigation.

## II. Counsel of Record

### A. Counsel For Plaintiff

R. Lars Anderson
Georgia State Bar No. 018218
2476 Vineville Avenue
Macon, Georgia 31204
Telephone: 478.742.0294
Fax: 478.742.0294
E-mail: lars@rlarsanderson.com

### B. Counsel For Defendant

Steven G. Hall
Georgia Bar No. 319308
Emily C.R. Early
Georgia Bar No. 910206
Monarch Plaza, Suite 1600
3414 Peachtree Road, Suite 1600
Atlanta, Georgia 30326
Telephone: 404-577-6000
Fax: 404-221-6501
E-mail: shall@bakerdonalson.com
         erutledgeearly@bakerdonelson.com

## III. Complaint And Answer Filing Dates

- Complaint was filed: May 28, 2013 (Superior Court of Twiggs County)

- The action was removed to this Court: July 8, 2013

- Defendant's 12(B)(6) Motion To Dismiss was filed: July 15, 2013[1]

---

[1] Wolf Creek has not answered the Complaint in view of the pendency of its Motion To Dismiss and will do so, if necessary, upon this Court's ruling on the Motion To Dismiss.

## IV. Discovery Deadlines

A. Time For Discovery

The time for discovery in this case shall expire on January 15, 2014, that being no more than **six (6) months** after the filing of responsive pleadings. In the event that one or all parties believe that a greater time for discovery is needed, that party or parties will file a written motion for extension of time, accompanied by a proposed order for the Court, wherein good cause will be shown for the requested extension.

B. Witnesses to be Deposed

    1. Witnesses to be deposed by Plaintiff

        a. W. Michael Stubbs, PE
           Hodges, Harbin, Newberry & Tribble, Inc.
           3920 Arkwright Road
           Macon, Georgia 31210
           1. Proposed Date And Time For Deposition:
              October 9, 2013(?); 10:00 a.m.
           2. Proposed Place For Deposition:
              2476 Vineville Avenue, Macon, Georgia, 31204

        b. Virginia Villatoro, General Manager
           Wolf Creek Landfill
           911 Landfill Road
           Dry Branch, Georgia, 31020
           1. Proposed Date And Time For Deposition:
              October 10, 2013(?); 10:00 a.m.
           2. Proposed Place For Deposition:
              2476 Vineville Avenue, Macon, Georgia, 31204

      c.    Other possible witnesses at date(s) and time(s) to be determined.

  2.    Witnesses to be deposed by Defendant

      a.    Plaintiff Cecil Fountain, date of deposition TBD;

      b.    Virginia Villatoro, date of deposition TBD;

      c.    Michael Stubbs, date of deposition TBD;

      d.    Other possible witnesses TBD

C.   <u>Expert Witnesses</u>

  1.    Designation of Experts

Any party who desires to use the testimony of an expert witness will be required to designate the expert according to the following schedule:

- Plaintiff must disclose the identity of any expert witness no more than ninety (90) days after the filing of the last answer of Defendant named in the original complaint;

- Defendant must thereafter disclose the identity of any expert witness that may testify no more than one hundred twenty (120) days after the filing of the last answer of Defendant named in the original complaint.

- In the event Defendant designates an expert where Plaintiff has not previously designated an expert, Plaintiff shall have an additional thirty (30) days to designate a rebuttal expert.

2. Expert Reports

Any disclosure or designation of an expert witness must be accompanied by written report prepared and signed by the expert in accordance with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

3. *Daubert* Motions

Any *Daubert* Motions must be filed on or before March 3, 2014, that being no more than forty-five (45) days after the expiration of discovery in this case.

D.   Discovery Limitations Or Need For Protective Order

Neither party knows of any limitations or need for a protective order.

E.   Motions To Compel Discovery

While written motions to compel discovery may be properly filed, the Court requests that the parties initially refrain from filing such motions, and instead contact Lee Anne Purvis, Courtroom Deputy (478-752-0739) to schedule a telephone conference to discuss any discovery issues.

F. Estimated Costs Of Discovery

    1. For Plaintiff: Five thousand ($5,000.00) dollars, subject to Defendant's witness list.

    2. For Defendant: $30,000.00 – $50,000.00

## V. Time For Filing Motions

A. Motions To Amend The Pleadings Or To Join Parties

All Motions seeking to amend the pleadings or to joint parties or claims to the current actions shall be filed on or before October 3, 2013.

B. Dispositive Motions

The parties agree that all Dispositive Motions will be filed no later than April 17, 2014, that being no more than forty-five (45) days after the expiration of discovery in this case.

In the event one or all parties would like to request oral argument on a pending Motion for Summary Judgment, a separate motion requesting oral argument will be filed in accordance with Local Rule 7.5.

## VI. Certification of the Parties

The parties certify by their signatures below that they have conferred and discussed the nature and basis of their claims and defenses and the

possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

This 3rd day of September, 2013.

/s/ R. Lars Anderson  
R. Lars Anderson  
Attorney for Plaintiff  
Georgia Bar No. 018218

/s/ Steve G. Hall  
Steven G. Hall  
Attorney for Defendant  
Georgia Bar No. 319398

The Court, having reviewed the information contained in the Proposed Scheduling And Discovery Order completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' plan and **MAKES IT THE ORDER OF THE COURT.**

**SO ORDERED,** this _____ day of _____, 2013.

C. ASHLEY ROYAL  
United State District Court